IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-147-BO
No. 5:16-CV-408-BO

| | |
|---|---|
| QUENTIN DEVONE WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | **O R D E R** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss petitioner's § 2255 motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Petitioner has failed to respond to the motion to dismiss[1] and the matter is ripe for ruling. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

Petitioner was sentenced by this Court on July 11, 2015, to a term of sixty months' and a day imprisonment following his plea of guilty to one count of possession of a firearm by a convicted felon and one count of felon in possession of a firearm and ammunition. [DE 46]; 18 U.S.C. §§ 922(g)(1) and 924; 18 U.S.C. § 924(c). Petitioner did not file a direct appeal. In his § 2255 motion, petitioner argues that his Fourth Amendment rights were violated during a traffic

---

[1] Petitioner was notified by the Clerk of Court of his right to respond to this motion. [DE 54]. It appears that petitioner continues to be housed at FCI Petersburg, the address where the Rule 12 letter was sent. https://www.bop.gov/inmateloc/.

stop which was pretextual in nature, and that had it not been for the officer creating a reason to stop petitioner's vehicle, the items seized would not have been recovered.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings).

Petitioner's claim related to a traffic stop and his Fourth Amendment rights is barred by, *inter alia*, his plea agreement and his failure to raise such a claim on direct review. *See* [DE 33] (waiver of right to appeal his conviction and sentence); *Bousley v. United States*, 523 U.S. 614, 622 (1998). Procedural default may only be excused if a petitioner can show cause and prejudice or that he is actually innocent. *Id.* Petitioner's pleading does not allege facts which would demonstrate either cause and prejudice or actual innocence. His Fourth Amendment claim is therefore properly dismissed.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For these reasons, petitioner has failed to state a claim upon which relief could be granted and his § 2255 motion [DE 48] is properly DISMISSED. The government's motion to dismiss [DE 55] is GRANTED. A certificate of appealability is DENIED.

SO ORDERED, this __18__ day of December, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE