IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-147-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| QUENTIN DEVONE WHITE | ) | |

This cause comes before the Court on defendant's motions requesting return of his property The government has responded, and the matters are ripe for ruling. Defendant has also filed a motion for leave to file an amended motion for return of property. For the reasons that follow, the motion to amend is allowed and defendant's request for return of property is denied without prejudice.

## BACKGROUND

On June 11, 2015, defendant White was sentenced to a term of sixty months and one day of imprisonment after pleading guilty to charges of being a felon in possession of a firearm and ammunition and possession of a firearm in furtherance of a drug trafficking offense. 18 U.S.C. §§ 922(g)(1) and 924. [DE 46]. On May 23, 2018, White filed a motion in letter form requesting funds from the clerk. Specifically, White contends that on February 11, 2014, the Mount Olive Police Department withdrew $7,310.00 of White's funds from Southern Bank, and that the Clerk's Office had deducted $200.00 from those funds to pay the court-ordered special assessment. White seeks remittance of the remaining $7,110.00.

The government responded in opposition, and White then filed a motion for return of seized property pursuant to Fed. R. Crim. P. 41. In his reply to the government's response, White argues

that he never received any notice of the administrative forfeiture of the funds pursuant to 18 U.S.C. § 983(c). In sur-reply, the government states that it cannot be confirmed that the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) gave proper notice to the interested parties of seizure and intent to forfeit the subject funds, and thus ATF has set aside its declaration of forfeiture and provided notice of administrative seizure to White where he is incarcerated. The government contends that White now has an adequate remedy at law, namely filing an administrative claim with ATF, and equitable relief is therefore not appropriate. Most recently, White moved for leave to file and amended Rule 41(e) motion, to which the government has responded.

## DISCUSSION

Rule 41(g) of the Federal Rules of Criminal Procedure provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." A Rule 41 motion for return of property is governed by equitable principles, and is available only upon a demonstration of irreparable harm and an inadequate remedy at law. *United States v. Akers*, 215 F.3d 1089, 1106 (10th Cir. 2000); *United States v. Grover*, 119 F.3d 850, 851 (10th Cir. 1997); *see also De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006). In other words, where a defendant has an adequate remedy at law to contest the forfeiture of property, he may not seek as an equitable remedy the return of any allegedly improperly seized property under Rule 41. *Brown v. United States*, 692 F.3d 550, 553 (6th Cir. 2012) (citing *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989)).

Here, the government has voluntarily set aside its declaration of forfeiture and provided White with notice of the administrative seizure. Under 18 U.S.C. § 983(a)(2), any person claiming the seized property may file a claim for return of the property with the appropriate official. As

2

White may now proceed to make a claim for the subject property under the procedures provided by § 983, he has an adequate remedy at law, and is not entitled to an equitable remedy at this time.

CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion for leave to file an amended motion [DE 68] is GRANTED. The clerk is DIRECTED to file the amended motion filed at [DE 68-1]. Defendant's motion in letter form [DE 60], motion for return of property [DE 63], and amended motion for return of property are DENIED without prejudice.

SO ORDERED, this 13 day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE